UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DEKOVEN KERR,

          Plaintiff,                    Case No. 2:25-cv-58

v.                                     Honorable Phillip J. Green

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (overruled on other grounds). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that the Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way the Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## Discussion

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the MDOC, the MBP, MBP Warden Sarah Schroeder, and MDOC Director Heidi Washington. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that he was assaulted by another prisoner and was taken to a new cell. (*Id.*, PageID.3.) Pursuant to MDOC policy "set by [Defendant] Washington and enforced by MDOC and [Defendant] Schroeder," Plaintiff's personal property was packed. (*Id.*) When Plaintiff's property was later returned to him, his television, headphones, and shoes were missing. (*Id.*)

Plaintiff's property was again taken when Plaintiff was transferred from MBP to ICF. (*Id.*) When Plaintiff received his property at ICF, Plaintiff's "paperwork," JPG tablet charger, and headphones were missing. (*Id.*)

Plaintiff filed grievances related to his missing property. (*Id.*) Plaintiff also "told" Defendants Washington and Schroeder that he would "end the process" if they would provide him with a television and headphones. (*Id.*) Plaintiff did not receive any response to his requests, kites, or grievances. (*Id.*)

As a result of the events described in Plaintiff's complaint, Plaintiff seeks monetary and injunctive relief. (*Id.*, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Defendant Michigan Department of Corrections (MDOC)

Plaintiff names the MDOC as a Defendant. However, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Courts have long held that the MDOC is not a "person" within the meaning of § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) and holding that the MDOC is not a "person" for purposes of § 1983). For this reason alone, Plaintiff's complaint fails to state a § 1983 claim for violation of the Eighth Amendment.

Additionally, states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and in numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is

6

absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendant MDOC.

### B. Defendant Marquette Branch Prison (MBP)

MBP is not a separate entity capable of being sued. As this Court noted in *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013), "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not the proper public entity for suit" *Id.* at *7; *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . .[; i]t is a department of the county . . . ."); *Caruthers v. Corr. Medical Serv., Inc.*, No. 1:10-cv-274, 2010 WL 1744881, at *1 (W.D. Mich. Apr. 27, 2010) ("The Duane Waters Hospital is not an entity capable of being sued. Rather, it is a building owned by the Michigan Department of Corrections."); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . .").

Similarly, a jail or prison is not a person subject to suit under § 1983. *See, e.g., Bonds v. Daley*, No. 18-5666, 2019 WL 2647494, at *2 (6th Cir. May 17, 2019) (affirming the district court's conclusion that it would be futile to permit the plaintiff to amend his complaint to add the jail as a defendant because "a jail is not a 'person' subject to suit under § 1983"); *Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases that hold a local jail is not a person subject to suit under § 1983).

Because MBP is not an entity capable of being sued or a "person" under § 1983, Plaintiff's claims against MBP will be dismissed for failure to state a claim.

### C.    Claims Related to the Deprivation of Personal Property

Plaintiff alleges in a conclusory fashion that Defendants Washington and Schroeder "set" and "enforced" policies that required that Plaintiff's property be "packed" before Plaintiff was taken to a new cell. (ECF No. 1, PageID.3.) However, taking Plaintiff's allegations as true, the issue was not that Plaintiff's property was packed, but that it was not returned to Plaintiff upon Plaintiff's move to the new cell and transfer to ICF. The Court will construe Plaintiff's allegations as raising claims against Defendants for violation of Plaintiff's Fourteenth Amendment right to receive procedural due process before being deprived of his property.

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Iqbal*, 556 U.S. at 676, and a claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The factual allegations of

8

Plaintiff's complaint are hardly sufficient to show that Defendants Washington and Schroeder actively participated in any misconduct in the removal and failure to return Plaintiff's missing television, headphones, and shoes. But even considering the substance of Plaintiff's claims more generally, Plaintiff's due process claims regarding the deprivation of his personal property are barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland*, 57 F.3d at 479–80; *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state post-deprivation remedies. The Sixth Circuit has specifically held that Michigan provides adequate

post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property.

Accordingly, Plaintiff fails to state a Fourteenth Amendment procedural due process claim against Defendants Washington and Schroeder regarding the deprivation of his property.

### D. Claims Related to Plaintiff's Grievances and Requests

Plaintiff also claims that Defendants failed to adequately handle and respond to his grievances and requests. However, Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the administrative grievance process, Defendants' conduct did not deprive Plaintiff of due process.

To the extent alleged, Plaintiff's First Amendment right to petition the government was not violated by Defendants' rejection of Plaintiff's grievances or their failure to respond to Plaintiff's requests. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Finally, Defendants' actions (or inactions) have not barred Plaintiff from seeking a remedy for his complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the

prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

In light of the foregoing, the Court finds that Plaintiff fails to state any claim against Defendants based on their handling of Plaintiff's grievances and requests.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  April 21, 2025                         /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge